[260]　*L. L. TREADWELL AND GEORGE R. CARTER,
　　　　APPELLANTS, *v.* THOMAS G. WELLS, HAMILTON
　　WILLIS, LUCIEN SKINNER AND EDWARD C.
　　WEED, RESPONDENTS.

PARTNERSHIP, NOTICE OF DISSOLUTION.—Where proof has been given that a news-
paper containing notice of the dissolution of a partnership between the defend-
ants, was taken by the plaintiffs at the time, it is not error to admit in evidence,
other papers not taken by them, by way of establishing the publicity of the no-
tice, and raising the presumption of their actual knowledge of the fact.

IDEM—A QUESTION OF FACT.—The publication of the notice of dissolution in a paper
taken by the plaintiffs, is a fact from which a jury may infer actual notice.　The
Court has no right to charge the jury in regard to conclusions of fact.

IDEM.—It is not error to instruct a jury that if sufficient time had elapsed between
the dealings of the plaintiffs with the old firm, and their subsequent transactions
with the new firm, to put a reasonable man on inquiry, they might be treated as
new dealers.

WITNESS MAY REFER TO BOOKS.—A book-keeper, as a witness, has a right to refer
to the books kept by him, to refresh his memory.

JUDGMENT, ON INFORMAL VERDICT.—Where an informal verdict is received and
recorded, by the consent of the plaintiffs, and judgment in form is afterwards
entered thereon, on appeal, the informality will not be considered.

APPEAL from the Fourth Judicial District.

This was an action brought by plaintiffs against the de-
fendants, as bankers, to recover the sum of $2,037 70, a
balance due them, on the 2d day of October, 1851, for di-
vers sums of money, deposited with the defendants.　The
defendant Wells, denied generally any indebtedness to the
plaintiffs.　The defendants, Willis, Skinner and Weed, de-
nied generally their liability to the plaintiffs, and specially,
the fact of their co-partnership with the defendant Wells,
under the firm of Wells & Co. during the time of the
deposits.

On the trial it appeared, that previous to February 1st,
1850, the plaintiffs had deposited with Thomas G. Wells
alone; that at that date he entered into partnership
with the other defendants; that after this partnership the

plaintiffs continued their * deposits with the defend-    [261]
ants, under the firm name of Wells & Co., until
some time between August, 1850, and January, 1851, when,
in consequence of a quarrel with one of the defendants, no
further deposits were made by plaintiffs at the bank until
July, 1851, when deposits were renewed, and continued du-
ring July and August, 1851; that previous thereto, the part-
nership between defendants was dissolved March 20th, 1851,
to take effect April 1st, 1851; that notices of this dissolu-
tion were published immediately thereafter, in the Alta Cal-
ifornia and the Pacific News; that the Alta California news-
paper was taken by the plaintiffs and delivered to them at
their place of business during the month of 1851; that after
the dissolution of the firm, Wells continued to do business,
as before, under the name of Wells & Co., and failed in
October, 1851.

The question made at the trial was mainly, whether the
plaintiffs had such notice of the dissolution of the old firm
of Wells & Co., as released Willis, Skinner and Weed.
The points of exception to the admissibility of evidence,
and the instructions of the Court to the jury, sufficiently ap-
pear in the opinion of the Court.

The jury rendered their verdict as follows:.

"They find for the plaintiffs against the defendant,
Thomas G. Wells only, for the sum claimed, with interest."

Whereupon it was ordered, with the consent of the coun-
sel of said Wells, that judgment be entered against him in
favor of the said plaintiffs, and also, that judgment be en-
tered in favor of the other defendants, Willis, Skinner and
Weed, against the said plaintiffs, for costs.

From this judgment, and the order of the Court denying
a new trial, the plaintiffs appealed.

*J. P. Treadwell*, for Appellants.

1. Whether the plaintiffs were entitled to actual notice
or not, as previous dealers, on the proof, was a question of
law alone.  (Day's Rep. 353; 17 Wend. 524; 22 Ib. 183.)
An intermission of six months in the account, could not

warrant the instruction to the jury, that they might dispense
with notice. There is no authority for such doctrine.
[262]        (*Gorham* v. * *Thompson*, Peake 42, cited in Watson
on Part. 384.] Lord Kenyon held notice necessary,
although the partnership had been dissolved seven years
before the debt sued on was contracted, and the dissolution
was proved to be generally known.

The publication of notice, of itself, was insufficient, without other circumstances tending to show actual notice. (17
Wend. 527; 22 Ib. 194; 2 Starkie, 290.)

2. The verdict does not sustain the judgment as to the
defendants Willis, Skinner and Weed. There was no finding as to them. (2 Cal. 192.)

*Halleck, Peachy, Billings & Park,* for Respondent.

1. The notice of dissolution published in a paper taken
by plaintiffs was proper evidence for the jury, and from
which they might find actual notice. (1 M'Cord, 16, 388;
2 Wend. 191, 192; 6 Johns. 149, note; 2 McLean, 461; 1
Hill, 578, and note; 2 M'Cord, 379; 17 Pick. 264; 1 Starkie,
338; 2 Ib. 226; *Egerly & Hinckley* v. *Wells & Co.*, Supreme
Court Cal.; 10 Pick. 406.)

2. The Court properly refused to charge that plaintiffs
were previous dealers; that was a question of fact. (17
Wend. 528; 22 Ib. 190, 200.) As to who are previous
dealers, see Ib. pp. 190, 191, 195, 198, 199.)

3. The record shows that the verdict was received without objection, and judgment entered, on the plaintiff's
motion. The error, if any, is their own.

Mr. Ch. J. MURRAY delivered the opinion of the Court.
Mr. Justice WELLS concurred.

This action was brought against the retiring partners of
an old firm, to recover for an amount due from the new firm,
on the grounds that the plaintiffs were previous dealers, and
had not been notified of the dissolution and continuation of
the business by a new partnership.

The cause was tried by a jury, and a verdict rendered for the defendants, from which the plaintiffs appealed.

The errors assigned are:

1st.   The admission of certain newspapers in evidence con-*taining certain notices of the dissolution,    [263] which papers were not taken by the plaintiffs.

It appears by the record, that one of the papers so admitted, and containing such notice, was taken by the plaintiffs, and left at their place of business for several weeks.   Upon this proof, we see no error in admitting other papers in evidence, by way of establishing the publicity of the notice, and raising the presumption of actual knowledge on the part of the plaintiffs,

2d.   That the Court erred in charging the jury that "the publication of the notice of dissolution in a paper taken by the plaintiffs, was a fact from which they might infer actual notice."

So far from this being error, it has never been doubted within our knowledge, and in the precise language of this Court in the decision of *Fgery & Hinckley* v. *Wells.*

3d.   "The refusal of the Court to instruct the jury that the proof showed that the plaintiffs were previous dealers."

The Court properly refused this instruction, having no right to charge the jury with respect to matters of fact.

4th.   "That the Court erred in instructing the jury that if sufficient time had elapsed between the dealings of the plaintiffs with the old firm, and their subsequent transactions with the new firm, to put a reasonable man upon inquiry, that the plaintiffs might be treated as new dealers."

We see no error in this instruction, and we believe the rule to be founded on right reason and sound policy.

5th.   "That the Court erred in allowing a witness to refer to, and testify from, the defendants' books."

The witness was the defendants' book-keeper, and was properly allowed, by the soundest rules of evidence, to refer to the defendants' books to refresh his memory, with regard to the plaintiffs' account.

We are not disposed to consider the objection taken to the form of the verdict and the judgment entered thereon, inasmuch as it was received and recorded by the consent of the plaintiffs.

Judgment affirmed, with costs.